**Opinion filed May 12, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00292-CV

_____

## IN THE INTEREST OF J.N.B., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 7843-CX**

## MEMORANDUM OPINION

The trial court entered an order in which it terminated the parental rights of the parents of J.N.B. The mother timely appealed; the father did not file an appeal. On appeal, the mother presents two issues in which she challenges the legal and factual sufficiency of the evidence. We affirm.

*Termination Standards and Findings*

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2015). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review

all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b). In this case, the trial court found that Appellant committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (O). Appellant does not challenge the findings made pursuant to subsection (O). Accordingly, we need not address Appellant's second issue in which she challenges the legal sufficiency of the finding made pursuant to subsection (E) because the unchallenged finding under subsection (O) is sufficient to support termination as long as termination is in the child's best interest. *See id.* § 161.001(b). The trial court found that termination is in the child's best interest. *See id.* § 161.001(b)(2).

*Analysis as to Best Interest*

Appellant challenges the best interest finding in her first issue. She asserts that the evidence presented at trial was factually insufficient to establish by clear and convincing evidence that termination of her parental rights would be in J.N.B.'s best interest. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

2

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The Department of Family and Protective Services removed J.N.B. from Appellant due to her use of illegal drugs while J.N.B. was in her care. J.N.B. was not quite six months old at that time, and he tested positive for cocaine. Appellant admitted that she had used heroin, cocaine, and anything else that she "could get her hands on." The child could not be placed with his father because of concerns about the father's use of drugs.

The evidence at trial showed that Appellant was a young mother who, at times, seemed to be a loving, caring mother to her child. However, Appellant did not appear at the final hearing on termination, and she did not regularly visit J.N.B. after he was removed from her care. While this case was pending, Appellant failed to complete any of her court-ordered services and was arrested for possession of methamphetamine.

Appellant contends that the trial court failed to take into account her own youth and the possibility that she might mature into being a better parent at some point in the future. We disagree. A factfinder may infer from a parent's past

inability to meet a child's physical and emotional needs an inability or unwillingness to meet a child's needs in the future. *In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.— Houston [14th Dist.] 2014, no pet.). Additionally, a factfinder may infer that past conduct endangering the well-being of a child may recur in the future if the child is returned to the parent. *Id.*

Appellant further contends that we should consider the physical and emotional ramifications of severing the bond between mother and child in evaluating the trial court's best interest finding. While the bond between parent and child is obviously important, the evidence of the bond between Appellant and J.N.B. did not indicate a particularly strong bond between them. Conversely, at the time of the termination hearing, J.N.B. was seventeen months old and, thus, could not verbally express his desires. "When children are too young to express their desires, the fact finder may consider that the children have bonded with the foster family, are well-cared for by them, and have spent minimal time with a parent." *Id.* The evidence showed that J.N.B. resided in a foster home and was "doing very well" in that placement. He had been in that same foster home since he was removed from Appellant's care and was "very bonded" to his foster family. When J.N.B. was first placed in foster care, he was not doing any of the things that a child his age should have been able to do. However, while in foster care, J.N.B. improved tremendously and, by the time of trial, was "on target." The foster parents expressed a desire to adopt J.N.B. The need for permanence is a paramount consideration for the child's present and future physical and emotional needs and the goal of establishing a stable, permanent home for a child is a compelling government interest. *Id.*

The evidence at trial indicated that the paternal grandmother also wanted to adopt J.N.B. She had belatedly expressed an interest in adopting J.N.B., and the Department had completed a home study on her prior to the termination hearing.

4

The Department found nothing negative in that home study. The grandmother had been exercising visitation with J.N.B. while he was in foster care, and the situation between the grandmother and the foster parents was amicable. The Department's caseworker testified that J.N.B. needed permanency and that it would be in J.N.B.'s best interest for Appellant's parental rights to be terminated.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trial court could reasonably have formed a firm belief or conviction that it would be in the child's best interest for Appellant's parental rights to be terminated. The need for permanence is a paramount consideration for the child's present and future physical and emotional needs, and the goal of establishing a stable, permanent home for a child is a compelling government interest. *In re J.D.*, 436 S.W.3d at 118. We hold that the evidence is factually sufficient to support the trial court's best interest finding. Appellant's first issue is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


May 12, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5